UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RODNEY C.,[1] | : | Case No. 3:20-cv-332 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

This case is before the Court for a second time. Plaintiff Rodney C. brings this case challenging the Social Security Administration's most recent denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #16), and the administrative record (Doc. #9).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] Pursuant to General Order 22-01 due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to [plaintiff]s only by their first names and last initials.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on October 28, 2016, alleging disability due to several impairments, including depression, bipolar disorder, anxiety, post-traumatic stress disorder, herniated disc in his lower back, total knee replacements, fatty liver disease, deteriorating disc disease, arthritis, and dyslexia. (Doc. #9, *PageID* #102). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

> Step 1: Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date, July 16, 2014, through his date last insured, December 31, 2018.
>
> Step 2: Through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease of the lumbosacral and cervical spine, degenerative joint disease of the knees with associated residuals of bilateral knee replacement surgeries, depression, and post-traumatic stress disorder.
>
> Step 3: Through his date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), through his date last insured, consisted of "sedentary work … subject to the following additional limitations: (1) no crawling, kneeling, or climbing of ladders, ropes, and scaffolds; (2) occasional crouching, stooping, balancing, and climbing of ramps and stairs; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) [Plaintiff]

>>is limited to performing unskilled, simple, repetitive tasks; (5) [Plaintiff] can have occasional superficial contact with co-workers and supervisors (superficial contact is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals, but as lacking the ability to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (6) no public contact; (7) no teamwork or tandem tasks; (8) no fast paced production work or jobs which involve strict production quotas; and (9) [Plaintiff] is limited to performing jobs which involve very little, if any change in the job duties or the work routine from one day to the next."
>
>>Through his date last insured, Plaintiff was unable to perform his past relevant work.
>
> Step 5: Through his date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Doc. #9, *PageID* #s 56-63). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability at any time from July 16, 2014, his alleged onset date, through December 31, 2018, his date last insured. *Id.* at 64.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #9, *PageID* #s 56-63), Plaintiff's Statement of Errors (Doc. #14), and the Commissioner's Memorandum in Opposition (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.    Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III. Discussion**

Plaintiff contends that the ALJ failed to fully consider the testimony of the vocational expert when determining Plaintiff had the residual functional capacity to perform a reduced range of sedentary work. The Commissioner maintains that substantial evidence supports the ALJ's decision.

During the hearing, the ALJ posed several hypotheticals to the vocational expert to determine whether a hypothetical person with certain limitations could perform Plaintiff's past work and other work in the national economy. (Doc. #9, *PageID* #s 94-99). The vocational expert testified that the hypothetical individual could not perform Plaintiff's past work, but there are other jobs in the national economy that the hypothetical individual could perform. *Id.* at 96-98. In response to the ALJ's question, the vocational expert testified that none of those jobs could be

4

performed if the individual were absent two times per month. *Id.* at 98. In response to Plaintiff's counsel's question, the vocational expert further testified that none of the jobs could be performed by an individual who was off task more than ten percent of the time. *Id.* at 98-99.

Plaintiff contends that the ALJ's failure to include the off-task and absence limitations in the RFC constitutes reversible error. (Doc. #14, *PageID* #s 1646-48). According to Plaintiff, "it is renowned that [Plaintiff's] conditions most definitely yield towards the additional limitations raised in ALJ Kenyon's third hypothetical pertaining to off-task behavior and monthly absenteeism." *Id.* at 1647-48. In support, Plaintiff points to records concerning his diagnoses and symptoms of several back and neck impairments, lower extremity and knee impairments, post-traumatic stress disorder, depression, and anxiety. *Id.* at 1648.

"RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. §§ 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s) -- submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted). Importantly, hypothetical limitations posed to the vocational expert do not bind the ALJ to include those limitations in the RFC. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those

limitations differed from the claimant's limitations. That does not mean that the vocational expert's answer about the *hypothetical individual* binds the ALJ.") (internal citation omitted); *see also Beckham v. Comm'r of Soc. Sec.*, No. 1:19-CV-576, 2020 WL 5035451, at *9 (S.D. Ohio Aug. 26, 2020) (Litkovitz, M.J.) ("Simply posing a hypothetical question to the [vocational expert] does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations."). "An administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

When assessing Plaintiff's mental RFC, the ALJ relied on the opinions of record-reviewing consultants, Cynthia Waggoner, Psy.D., and Leslie Rudy, Ph.D. (Doc. #9, *PageID* #62). Dr. Waggoner opined that Plaintiff can perform simple tasks without strict production quotas or demands on time. *Id.* at 118-20. However, "[w]hen [Plaintiff's mental health] symptoms increase, he will occasionally need flexibility in work schedule, taking breaks, and pacing." *Id.* at 119. He may have some difficulties withstanding stress and pressure associated with day-to-day work activity due to his post-traumatic stress disorder and depression. *Id.* at 120. He will need advance notice of major changes and a gradual implementation to allow time to adjust. *Id.* According to Dr. Waggoner, Plaintiff will perform best in a non-public position; should only have brief and superficial interactions with co-workers and supervisors; and may be overly sensitive towards constructive criticism. *Id.* at 119.

Dr. Rudy similarly opined that Plaintiff can perform one to four step tasks in a setting without demands for fast pace or high production. *Id.* at 139. He is able to interact with others on an occasional and superficial basis. *Id*. He can adapt to occasional changes in a relatively static setting. *Id.* at 140.

The ALJ assigned "great weight" to the opinions of Dr. Waggoner and Dr. Rudy. *Id.* at 62. He found that their opinions were consistent with medical evidence. *Id.* For example, the ALJ noted, during Plaintiff's consultative examination, he had difficulty maintaining attention, and he completed serial threes at a slowed pace. *Id.* (citation omitted). However, the ALJ did not address Dr. Waggoner's opinion that Plaintiff would occasionally need flexibility in his work schedule and the ability to take breaks and pace.

An ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009); *see Allen v. Comm'r of Soc. Sec.*, No. 2:17-CV-1154, 2018 WL 6060446, at *4-5 (S.D. Ohio Nov. 20, 2018), *report and recommendation adopted,* No. 2:17-CV-1154, 2018 WL 6681225 (S.D. Ohio Dec. 18, 2018). But when the ALJ assigns great weight to a particular opinion and states that it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In the present case, the ALJ provides no explanation for omitting limitations for flexibility in Plaintiff's work schedule, taking breaks, and pacing from Plaintiff's mental RFC. The ALJ's failure to provide such an explanation requires

remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision").

In sum, reversal is warranted because the ALJ accorded great weight to Dr. Waggoner's opinion, finding her opinion to be consistent with the medical record, but failed to explain why limitations contained in that opinion were omitted from Plaintiff's mental RFC. Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-

step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. # 10) is **GRANTED**;

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff Rodney C. was, under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 22, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge